IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HARVEY LEE GARRETT**                                                              **PETITIONER**

**V.**                                     **NO. 4:14CV00040-DMB-SAA**

**ARTHUR L. SMITH, ET AL.**                                            **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the Court on the *pro se* petition of Harvey Lee Garrett for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Garrett has not responded to the motion, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Harvey Lee Garrett pled guilty to sale of cocaine in the Circuit Court of Montgomery County, Mississippi. He was sentenced on November 24, 2008, to serve a term of seventeen years in the custody of the Mississippi Department of Corrections, and upon completion of twelve years of that sentence, ordered to be released on post-release supervision for five years. Garrett signed a "Petition for Writ of Habeas Corpus," on February 25, 2009, that was stamped as "filed" in the Montgomery County Circuit Court on February 27, 2009, as well as a "Request for a Fast and Speedy Trial and Motion to Dismiss Indictment," signed and filed in March 2009, in that same court. Garrett's motions were denied by separate "Opinion" and "Order" of the trial court filed May 26, 2009. Garrett appealed the lower court's denial of relief, but on April 15, 2010, the Mississippi Supreme Court dismissed Garrett's appeal as untimely. The mandate of that court issued on May 6, 2010. (Mandate in Cause No. 2010-TS-00336).

Garrett then signed an additional "Motion for Post-Conviction Relief" on September 8, 2010, which was stamped as "filed" in the Montgomery County Circuit Court on September 24, 2010. Garrett's motion was denied by Order of the Montgomery County Circuit Court filed March 21, 2011, as a successive writ and frivolous. Garrett appealed the lower court's denial of relief, and the Mississippi Court of Appeals affirmed the lower court's denial of relief after discussing the issues on the merits. *Garrett v. State*, 110 So. 3d 790 (Miss. Ct. App. 2012), *reh'g denied*, November 27, 2012, *cert. denied*, April 11, 2013 (Cause No. 2011-CP-00476-COA). The mandate of the court issued on May 2, 2013.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mississippi has a statutory prohibition against seeking a direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. As such, Garrett's conviction became final on the date he was sentenced, November 24, 2008. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). The limitations period was first tolled for a period of 435 days (February 25, 2009, to May 6, 2010), during the pendency of Garrett's first motion for post-conviction collateral relief in state court. This moved the federal *habeas corpus* deadline to February 2, 2011 (November 24, 2009 plus 435 days). The federal limitations period was tolled an additional 967 days, from September 8, 2010, to May 2, 2013, during the pendency of Garrett's second state application for post-conviction collateral relief – moving the federal deadline to September 26, 2013 (February 2, 2011, plus 967 days).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on March 14, 2014, and the date it was received and stamped as "filed" in the district court on March 18, 2014. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 169 days after the September 26, 2013, filing deadline. Garrett has not alleged that he was actively misled or prevented in some extraordinary way from asserting his right to seek post-conviction collateral relief; as such, he has not established any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). Therefore, the

instant petition will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 31st day of July, 2014.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**